**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION**

| | |
|---|---|
| STEPHEN W. TATER, | : |
| *Plaintiff*, | : |
| v. | : Case No. |
| WE BUILD APPS LLC, | : |
| and | : Judge |
| WE BUILD APPS 2 LLC, | : |
| and | : Magistrate Judge |
| iSecurity LLC, | : |
| c/o Anthony Spencer Sr. | : ***Jury Demand Endorsed Hereon*** |
| *Defendants* | : |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Stephen W. Tater, complaining of Defendants, We Build Apps LLC and We Build Apps 2 LLC, and iSecurity LLC,, alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action to redress violations of Federal and Ohio laws whereby Defendants failed to pay Plaintiff wages and overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Ohio Revised Code ("R.C.") Chapter 4111.

**PARTIES**

2. Plaintiff, Stephen W. Tater, is a United States citizen and resides in the City of Sagamore Hills, Summit County, Ohio.

3. At all relevant times, Plaintiff was an "employee," pursuant to the FLSA, including

29 U.S.C. § 203(e)(1). Defendants employed him and suffered and permitted him to work on its behalf.

4. At all relevant times, Plaintiff was an "employee," pursuant to R.C. § 3121.89.

5. Defendant, We Build Apps LLC ("We Build Apps"), is an Ohio corporation with its corporate headquarters in the City of Garfield Heights, Cuyahoga County, Ohio.

6. Defendant, We Build Apps 2 LLC ("We Build Apps 2"), is an Ohio corporation with its corporate headquarters in the City of Garfield Heights, Cuyahoga County, Ohio.

7. Defendant, iSecurity LLC ("iSecurity"), is an Ohio corporation with its corporate headquarters in the City of Shaker Heights, Cuyahoga County, Ohio.

8. At all relevant times, Defendants were "employers," pursuant to the FLSA, including 29 U.S.C. § 203(d). They engaged in commerce and the production of goods for commerce.

9. At all relevant times, Defendants were "employers," pursuant to R.C. Chapter 4112, including R.C. § 4112.01(A)(2). They employed four or more persons within Ohio.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. It has supplemental jurisdiction over the Ohio state law claims, pursuant to 28 U.S.C. § 1367, since they arise out of the same set of operative facts as the Federal claims and are part of the same case and controversy.

11. Venue is properly laid in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391 and Local Rule 3.8. Defendants are located, reside, and do business, in Cuyahoga County, Ohio. Moreover, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within that county.

**FACTS**

12. Plaintiff was employed by Defendants from on or about March 3, 2018 until April 30, 2018.

13. Defendants promised to compensate Plaintiff at a rate of $30.00 per hour worked. Therefore, Plaintiff is entitled to $45.00 per overtime hour worked

14. During the time he was employed, Plaintiff worked at least 456 hours. This included working more than 40 hours per week.

15. Of the 456 hours, 304 constituted regular hours worked by Plaintiff. Therefore, he is entitled to $9,120.00 in wages for those hours.

16. Of the 456 hours, 152 hours constituted overtime hours worked by Plaintiff. Therefore, he is entitled to $6,840.00 in wages for those hours.

17. Therefore, Plaintiff is entitled to a total of $15,960.00 in wages and overtime pay for the hours he worked on behalf of Defendants.

18. Plaintiff made several demands for payment of his wages. Nevertheless, Defendants have not paid him the amount they owe to him.

19. Defendants induced Plaintiff to continue working by making continued promises that he would be paid.

20. For example, on or about April 17, 2018, Defendants' President, Rodney Colley, promised Plaintiff that Defendants would pay him the remainder of his wages.

21. Colley followed that up with a text message that a loan was approved and that will "cover us [Defendants] for a while."

22. Ultimately, by April 30, 2018, after it became evident that Defendants did not intend to pay Plaintiff the wages to which he was due, Plaintiff had no other choice, and was forced

to leave employment with Defendants.

## COUNT 1
## Unpaid Wages

23. Plaintiff incorporates the preceding paragraphs.

24. Plaintiff brings this action for unpaid wages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 211(b), 216, 217 ("FLSA"), and the Ohio Wage Law, Ohio Constitution Art. II, Sec. 34a, and Ohio Revised Code Chapter 4111.

25. Defendants' failure to pay Plaintiff his wages violates the FLSA and Ohio Wage Law.

26. Defendants' conduct was intentional, willful, deliberate, malicious, and in knowing or reckless disregard of the those laws and Plaintiff's rights.

27. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages. In addition to those to be shown at trial, other damages include loss of past income and unpaid wages (including costs and reasonable attorneys' fees related to this action).

## COUNT 2
## Unpaid Overtime Compensation

28. Plaintiff incorporates the preceding paragraphs.

29. Defendants' failure to pay Plaintiff overtime compensation violates the FLSA and Ohio Wage Law.

30. Defendants' conduct was intentional, willful, deliberate, malicious, and in knowing or reckless disregard of the those laws and Plaintiff's rights.

31. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages. In addition to those to be shown at trial, other damages include loss of past income and

4

unpaid wages (including costs and reasonable attorneys' fees related to this action).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court will enter judgment in favor of him, and against Defendants, and grant him such legal and equitable relief as may be appropriate by:

1. Awarding Plaintiff a minimum of $25,000

2. Awarding Plaintiff the amount of unpaid wages he should have received;

3. Awarding Plaintiff the amount of unpaid overtime compensation he should have received;

4. Awarding Plaintiff the appropriate amount of liquidated damages;

5. Awarding Plaintiff prejudgment and post-judgment interest;

6. Awarding Plaintiff his costs and reasonable attorneys' fees related to this action;

7. Awarding Plaintiff all such other relief as the Court considers appropriate, fair, and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

/s/ *Mark W. Biggerman*
Mark W. Biggerman (0064092)


Respectfully submitted,

/s/ *Mark W. Biggerman*
Mark W. Biggerman (0064092)
29325 Chagrin Blvd., Suite 305
Pepper Pike, Ohio 44122
(216) 475-5600
(216) 831-9526 {fax}
mark@mblegal.com

*Attorney for Plaintiff*