# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN W. TATER, | ) | CASE NO. 1:18CV01221 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| WE BUILD APPS LLC, *et al*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |
| | ) | |

This matter is before the undersigned on consent of the parties, entered January 30, 2019. (Doc. No. 34.) Currently pending before the Court is the Joint Motion for Approval of Settlement Agreement, which seeks the Court's approval of a settlement agreement resolving Plaintiff's claims filed under the Fair Labor Standards Act ("FLSA"). (Doc. No. 39.) For the reasons that follow, the proposed Settlement is APPROVED and the Motion for Approval (Doc. No. 39) is GRANTED as set forth herein.

1

## I. Background

This action was originally commenced on May 30, 2018 by Plaintiff Stephen W. Tater for damages relating to Defendants' alleged violations of the FLSA and state wage laws. (Doc. No. 1.) Specifically, Plaintiff sought to recover wages and overtime pay alleged to have been earned by him and owed to him by Defendants. (*Id*.)

Plaintiff obtained service on Defendant[1] We Build Apps, LLC on August 24, 2018. (Doc. No. 5.) On October 24, 2018, Plaintiff filed a Motion for Default Judgment against We Build Apps, LLC due to "its failure to plead or otherwise defend in this action." (Doc. No. 13 at 1.) On October 25, 2018, default judgment was entered against We Build Apps, LLC. (Doc. No. 15.) On December 5, 2018, We Build Apps, LLC, filed a Motion to Set Aside and Vacate Default Judgment and a Request for Leave to Plead *Instanter*. (Doc. No. 22.) This Motion was granted on January 10, 2019. (Non-document order dated January 10, 2019.)

Plaintiff had difficulty obtaining service on Defendant We Build Apps 2, LLC. (Doc. No. 6, 9) On October 25, 2018, District Judge James S. Gwin issued an Order to Show Cause due to Plaintiff's failure to obtain service on We Build Apps, 2, LLC. (Doc. No. 16.) Plaintiff eventually obtained service on We Build Apps 2, LLC by November 29, 2018. (Doc. No. 20.) On December 5, 2018, We Build Apps 2, LLC, filed a Motion to Dismiss. (Doc. No. 25.)

On January 14, 2019, Defendants jointly filed an Answer to Plaintiff's Complaint. (Doc. No. 29.) Thereafter, the parties conducted a Parties' Planning Meeting and consented to the jurisdiction of the undersigned. (Doc. Nos. 30, 33, 34.)

---

[1] Plaintiff voluntarily dismissed Defendant iSecurity, LLC from this action on October 10, 2018. (Doc. No. 11, 12.)

A case management conference was conducted on February 27, 2019. (Doc. No. 37.) During this conference, the parties reached an agreement. (*Id.*) On March 22, 2019, the parties filed a Joint Motion for Approval of Settlement Agreement. (Doc. No. 39.)

## **II. Standard**

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,1352–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *See Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to Section 16(b) of the FLSA. *Id*.

As explained in a decision from this District, the following considerations apply in review of proposed FLSA settlements:

> In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc*., 568 F.Supp.2d 714, 719 (E.D. La.2000) (further citation omitted)). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford,* 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. [footnote omitted] *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615, 631 (6th Cir.2007)). In addition, where the settlement agreement

3

> proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)).

*Schneider v. Goodyear Tire & Rubber Co.*, 2014 WL 2579637 at * 2 (N.D. Ohio June 9, 2014).[2]

*See also Edwards v. City of Mansfield*, 2016 WL 2853619 at * 3 (N.D. Ohio May 16, 2016); *Bradford v. Legacy Health Services*, 2014 WL 7185453 at * 2 (N.D. Ohio Dec. 16, 2014); *Pittman v. Things Remembered*, 2014 WL 5073764 at * 2 (N.D. Ohio October 8, 2014); *Gentrup v. Renovo Services, L.L.C*, 2011 WL 2532922 at * 2–3 (S.D. Ohio June 24, 2011); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 at * 5–6 (N.D. Ohio March 8, 2010); *Crawford v. Lexington–Fayette Urban County Government*; 2008 WL 4724499 (E.D. Ky. October 23, 2008). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922 at * 3.

### **III. Analysis**

Upon careful review, the Court finds the pleadings and motions demonstrate the instant action presents a bona fide dispute. As noted above, Plaintiff alleges Defendants violated the FLSA and Ohio wage laws because they failed to pay him wages and overtime pay owed to him for work performed between March 3, 2018 and April 30, 2018. (Doc. No. 1 at 3-4.) Defendants deny Plaintiff's allegations, deny Plaintiff's claims are cognizable under Ohio wage laws or the FLSA, and assert Plaintiff was not eligible for overtime compensation. (Doc. No.

---

[2] In class actions, of which this case is not, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *See Schneider*, 2014 WL 2579637 at fn. 1.

29.)  The divergent views of the facts and the law present bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury.

The Court further finds the majority of the terms of the settlement agreement are fair and reasonable.  In this regard, the Court notes the settlement was the product of arms-length negotiations between parties that were represented by capable and experienced counsel.  Indeed, both Plaintiffs' and Defendants' counsel believe the proposed overall settlement amount is fair and reasonable, which weighs in favor of approving the total settlement amount.  *See Gentrup*, 2011 WL 2532922 at * 3.  Additionally, the Court observes that, given the factual and legal complexity of the case, there is no guarantee Plaintiffs would have prevailed.  In contrast, the Settlement Agreement assures that Plaintiff will receive compensation for the alleged violations at issue.  As one court in this District has found, "the certainty and finality that comes with settlement also weighs in favor of" approving a fair and reasonable settlement.  *Dillworth*, 2010 WL 776933 at * 6.  Moreover, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation.  *Id.  See also Crawford*, 2008 WL 4724499 at * 9.

Finally, as set forth in the parties' Joint Motion for Approval of Settlement Agreement, Plaintiff seeks $2,000 to cover attorneys' fees and litigation expenses.  (Doc. No. 39 at 4.)  The Court finds this award of attorney's fees and litigation expenses reasonable taking into account the complexity of the case and the fact that a settlement was reached early in the litigation.

## IV. Conclusion

Accordingly, and for all of the foregoing reasons, the Court GRANTS the Parties' Joint Motion for Approval of Settlement Agreement (Doc. No. 39) and APPROVES the parties' proposed settlement agreement. The claims in Plaintiff's complaint are dismissed with prejudice and the case is closed. The Court retains jurisdiction to enforce the terms of the settlement agreement.

                                                *s/Jonathan D. Greenberg*
                                                Jonathan D. Greenberg
                                                United States Magistrate Judge

Date: April 2, 2019